UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DONALD CARLOS SEOANE, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) |
| GOVERNOR OF FLORIDA RON DESANTIS, et al., | ) ) ) ) |
| Defendants. | ) ) ) |

Civil Action No. 26-13011-MJJ

## ORDER OF TRANSFER

**JOUN, D.J.**

Donald Carlos Seoane ("Mr. Seoane") who is representing himself, has filed a Complaint against Florida Governor Ron DeSantis, Florida Attorney General James Uthmeier, the former sheriff of Osceola County in Florida, and six other parties located in Florida [Doc. No. 1]. Mr. Seoane is confined at the Osceola County Correctional Center in Kissimmee, Florida. Mr. Seoane alleges, *inter alia*, that the defendants have corrupted the Florida judicial system, covered up serious crimes against him and his children, violated his civil rights, and falsely imprisoned him.

Because venue is not proper in the District of Massachusetts, the Court will order that this action be transferred to the United States District Court for the Northern District of Florida.

The term "venue" refers to "the geographic specification of the proper court or courts for the litigation of a civil action that is within the subject-matter jurisdiction of the district courts." 28 U.S.C. § 1390(a).  Federal trial courts are divided geographically into districts, and the venue statutes designate appropriate districts for each case. "In most instances, the purpose of

statutorily specified venue is to protect the *defendant* against the risk that a plaintiff will select an unfair or inconvenient place of trial." *Leroy v. Great W. United Corp.*, 443 U.S. 173, 183–84 (1979) (emphasis added). "[T]he venue statutes reflect Congress' intent that venue should always lie in *some* federal court whenever federal courts have personal jurisdiction over the defendant." *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Ct. for Western Dist. of Texas*, 571 U.S. 49, 56 (2013).

> The general venue statute provides that a civil action may be brought in:
>
> (1) a judicial district in which any *defendant* resides, if *all defendants* are residents of the State in which the district is located; (2) a judicial district in which a s*ubstantial part of the events or omissions giving rise to the claim occurred*, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which *any defendant* is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b) (emphases added).

Under the alleged facts of this case, this statute does not provide venue in the District of the Massachusetts.  All the defendants reside in Florida, Compl. at 23, and the complaint suggests that the events giving rise to Mr. Seoane's claims occurred in Florida.

Accordingly, pursuant to 28 U.S.C. § 1406, the Court hereby orders that the Clerk transfer this action to the United States District Court for the Northern District of Florida, where some of the defendants reside.

**SO ORDERED.**

 /s/ Myong J. Joun
Myong J. Joun
United States District Judge

Dated: July 21, 2026

2